## LORENZO RICHMOND *v.* GEORGE W. COLLAMER.

### *Interest. Sheriff. Contract.*

Where attached property becomes by process of law changed into money in the officer's hands, and is invested by him so as to produce interest, such interest belongs to the party entitled to the money, and not to the officer.

The plaintiff, an officer, attached certain property belonging to S. and sold it, in pursuance of the statute, at auction. The defendant bid off the same and gave his note therefor, payable to the plaintiff on demand with interest, and the property passed into the hands of S., the defendant acting in behalf of S. as his friend and agent. Subsequently the suit was settled, and the plaintiff, being directed by the creditor to surrender to S. all the property and securities in his hands derived from the attachment, gave up said note, upon receiving a written promise from the defendant to pay the accrued interest thereon, the defendant supposing the plaintiff was legally entitled to the same, and the plaintiff claiming it on this ground. *Held*, that the plaintiff had no legal right to collect the interest on the note, and that there was no consideration growing out of the surrender of the note and the defendant's promise to pay the interest, which will support the promise.

ASSUMPSIT upon a written promise to pay $130. interest on a note. Plea, the general issue, and special pleas upon which issue was joined. Trial by court by consent of parties at the May Term, 1864, BARRETT, J., presiding.

Upon trial it appeared that in March, 1859, a writ was sued out by the Bank of Royalton in the name of the state treasurer as plaintiff against William Skinner, Chester Baxter and Martin T. Skinner, and on the 25th day of March said writ was served by Lorenzo Richmond, sheriff of Windsor county, by attaching real estate and a great variety and amount of personal property. On the 2d day of April, 1859, by consent of parties and in pursuance of the statute in

such case provided, the plaintiff as such sheriff sold at sheriff's sale a large part of the personal property so attached, and the defendant bid off of said property to the amount of $2123.82. of which sum he paid in money $123.82. and for the remainder by an arrangement between him and the plaintiff gave a note for $2000. signed by himself and Roderick Richardson, payable to the plaintiff or his order on demand with interest, dated the 12th of April, 1859. Said note was taken by the plaintiff without any direction or request of either of the parties to the suit in which the property was attached. On the 13th day of April the property so bid off by the defendant went into the possession of Martin T. Skinner, he giving the defendant a receipt for it and therein agreeing to return it on demand. The suit on which said property was attached was duly entered in court and continued from term to term till the 8th day of May, 1860, when the same was settled by the parties. The defendant then requested the plaintiff to pay back said $123.82. and to give up said $2000. note, which the plaintiff professed his willingness to do upon being paid his fees and charges and the interest on the note, which he claimed he was entitled to, on the ground that he had taken it at his own risk and on his own responsibility, instead of requiring the money to be paid, and had been at some trouble and expense about the matter, though it did not appear that these grounds of claim were expressed at this time. The defendant assented that it was right the plaintiff should have said interest and said that the bank would pay it, and thereupon gave his written promise to pay it in case the bank did not. Upon the execution and delivery of said writing to the plaintiff he delivered to the defendant said note, which the defendant has ever since retained. The plaintiff thereupon applied to the bank of Royalton for the payment of the amount specified in said writing, but the bank has ever refused to pay the same. It appeared that the plaintiff received all his legal and just fees as sheriff in the case of the *Bank of Royalton* v. *Skinner*.

It also appeared that the defendant in bidding off said property was acting out of friendship to Martin T. Skinner, who was liable as surety for William Skinner, and at his request, and that he participated in the settlement of said suit and gave his note in behalf of said Martin for $1000., the terms of the settlement being that the

defendant was to sign a note for $1000. to said bank, and William Skinner to give a note for $2000., each party to pay his own costs and the defendant to be put back where he was before he bid off said property.

On these facts, and such others as appear in the opinion of the court, the court rendered judgment for the plaintiff for the amount of said interest with interest thereon,—to which the defendant excepted.

————, for the defendant.

The promise in writing to pay the $130. interest money was a promise without consideration, *nudum pactum.* The "risk and responsibility" assumed by the sheriff in accepting the note instead of the money, or the "some trouble and expense about the matter," constituted no consideration, as nothing was said in reference to these facts at the time the writing was executed. This seems to have been an after thought of the plaintiff. The promise was made under the mistake that the sheriff (plaintiff) was entitled to said interest. "Where one through mistake of the law acknowledges himself under an obligation which the law does not impose, he is not bound by such promise." Parsons on Contracts, vol. 1, 363; *Warder* v. *Tucker*, 7 Mass. 449; *Freeman* v. *Boynton, ib.* 483; *Jarvis* v. *Sutton*, 3 Ind. 289, cited in 18 U. S. D. 25; *Crosby* v. *Wood*, 2 Selden, 369, 14 U. S. D. 617; *Robinson* v. *Marshal*, 11 Md. 251, cited in 14 U. S. D. 25; *May* v. *Coffin*, 4 Mass. 347. The note had been discharged by the settlement. "The surrender of a writing which the surrenderer has no right to retain is no consideration for a promise." See also *Andrews* v. *Andrews*, 33 Maine, 178, cited in 15 U. S. D. 17; *McCaleb* v. *Price*, 12 Ala. 753, cited in 9 U. S. D. 19. All interest accruing on trust funds in the hands of the trustee belongs to the *cestui que trust.* Story's Equity Jurisprudence, pp. 503, 1277 and 1277 *a.*

*Converse & French*, for the plaintiff, insisted that the plaintiff could have collected the *interest* on said note before he surrendered the same to the defendant. The plaintiff could have required the defendant to *pay the money* for the property bid off by him. G. S., 295, § 39. The plaintiff took the note upon his own responsibility and without authority of law. The officer would undoubtedly be

Richmond *v.* Collamer.

liable to the same extent as he is for property taken on *final process*, when nothing but the act of God or the public enemies will excuse him. See *Sawyer* v. *Middletown*, 10 Vt. 237 ; *Bridges* v. *Perry*, 14 Vt. 262, 265. All that the *creditor* can claim in any case is that the *avails of the property sold* shall be applied on his debt, and we insist that the same rule applies to the *debtor.* In this case the defendant is no worse off by being compelled to pay the interest on the note than he would have been by having to pay for the property at the time of purchase. Had he done so, and the money been loaned to a third person upon interest, such interest would have belonged to the officer. The case bears no analogy to that of *guardian and ward*, or ordinary *trusteeship.* The plaintiff's claim for this interest was at least *sufficient consideration* to support the *express promise to pay it*, *upon the plaintiff's surrendering the note.* It is well settled that the compromise of a doubtful claim is good consideration to support a promise. 1 Parsons on Con. 363. There was actual *valuable* consideration for the promise,—the risk the plaintiff ran in taking the note, the trouble and expense to which he was put in consequence of taking it, &c. 1 Parsons on Con. 361. The *surrender of the note*, even, was a sufficient consideration to support the contract. The defendant was certainly under a *moral obligation* to pay. *Glass* v. *Beach*, 5 Vt. 172. The consideration need not appear on the face of the contract. *Patchin* v. *Swift et al.*, 21 Vt. 292. Ignorance of the law is excuse. 1 Story's Eq. 121.

The opinion of the court was delivered by

. POLAND, Ch. J. The single question presented by the exceptions in this case is, whether the defendant's promise is supported by a valid consideration.

1st. Was the defendant legally liable for the payment of the interest upon the note at the time the plaintiff surrendered the note ; could the plaintiff have expected payment to that extent by a suit upon the note?

The statute provides that when attached property is sold by the attaching officer upon the writ, and before judgment, either by consent of the parties or by compulsory proceedings, " the proceeds of the sale shall be held by the officer subject to the attachment or attachments, and shall be disposed of in like manner as the property

would have been held and disposed of if it had remained unsold." If on such sale the officer take notes payable with interest, or if he loan the money and take obligations therefor with interest, no doubt can be entertained but that he is entitled to collect the interest as well as the principal. But the question is whether he is entitled to this interest for himself, to put in his own pocket, or whether such increase upon the price of the property belongs to the party who may ultimately be found entitled to the property, or its proceeds. The proceeds of the sale take the place of the property, and the custody of the officer of the proceeds is just as much official and the custody of the law, as that of the property before the sale. No one would doubt that if there were additions or accretions to the property itself while in his hands, the ownership and right to them, and the officer's duty in respect to them, would be the same as to the property itself. If a flock of sheep while in the hands of an officer under an attachment should produce lambs, or wool, it could not well be maintained that such addition to the property belonged to the officer. Nor has the officer any right, by any use of the attached property, to realize a benefit to himself.

It seems to us that by analogy, and upon principle, that when the property thus becomes, by process of law, changed into money in the officer's hands, he has no more right to put it to use for his own personal benefit, than he had the property itself. His custody of it, and his duty over it, are strictly official, and he has no more personal interest in, or right to, the proceeds than he had to the property itself. It is said that the officer in such case is under no obligation to take notes for the property sold, he may exact the money; that when he has obtained the money, he is under no obligation to so place it that it may draw interest, and that if he does loan it, he does so at his own peril to account for it, if thereby it becomes lost, and that therefore as he incurs all the risk and responsibility by taking notes for it, he should receive all the advantages which accrue from it by way of interest. But it does not seem to us that this conclusion follows. The officer in such case undoubtedly is under no obligation to do more than to safely keep the money, he is not bound to incur any hazard or risk of its loss in order that the debtor or creditor may not suffer by the money's being idle and unproductive. On the

other hand he has no right to incur any hazard or risk of its loss, for his own benefit, while thus in his hands under his official trusteeship, and if he does so place it that it produces interest, such interest should be treated as an accretion to the money and belongs to the party entitled to the money. In such case the officer may always free himself from responsibility by obtaining the consent of the parties to putting the money at interest, and if they will not consent, he is not in fault that the money produces nothing.

It is contrary to the whole spirit and policy of the law to allow one holding funds in a public official character, in which he has no personal right or interest himself, to use such funds for his own personal profit and emolument. The plaintiff therefore was not entitled to this interest for himself, but only in virtue of his right to recover it for the benefit of the creditor or debtor under the attachment.

The suit in which the property was attached was settled, the creditor was satisfied, and had directed the plaintiff to surrender to the defendant Skinner all the property and securities in his hands derived from the attachment. The defendant Collamer acted as the friend and agent of Skinner in the whole transaction, and for his benefit, and the case stands just as it would if the plaintiff had taken Skinner's note for the property, and the defendant Collamer had been a surety upon it. Under the settlement, the defendant and Skinner were entitled to have the note which represented the attached property surrendered to them without payment, for if they paid it to the plaintiff they would be entitled to the money from him. It comes to this then, is Skinner under obligation to pay interest on his own money to the plaintiff, who never had any personal interest in the property or note whatever? The manifest wrong and injustice of such a conclusion is a sufficient answer to the proposition; it cannot be the law.

2d. If the plaintiff had no personal interest in, and no legal right to collect the interest upon the note, was there any consideration growing out of the surrender of the note by the plaintiff, and the defendant's written agreement or promise to pay the interest, which will support the promise. The plaintiff did not claim any right to the principal of the note, he only claimed that the interest belonged

to him. He held the defendant's written promise to pay it. He surrendered that and took another written promise to do the same thing. It is difficult to see how, if the first did not bind the defendant, the second one could.

It is claimed to be analogous to the cases where it has been held that a settlement and compromise of a disputed, and doubtful claim, is a consideration for a promise made upon such settlement, and as a part of it. But there seems to have been no dispute, and no compromise. The plaintiff claimed the interest belonged to him, as he had run the risk and incurred responsibility by taking the note instead of requiring the money at the time. The defendant appears to have immediately assented to this claim of the plaintiff, though he expected it would be paid by the creditor under the terms of the settlement, instead of by him or by Skinner. The defendant's assent appears to have been rather an acquiescence in the plaintiff's view of the law, than of any thing else, and as he supposed it was a claim for the creditor to meet and fulfill. There was no dispute between the parties; no threat or expectation of litigation. The plaintiff surrendered nothing he claimed any right to hold; there was no compromise, no abatement of any part or portion of what the plaintiff claimed to belong to him. He surrendered one written promise to pay a certain amount, for another to pay the same sum. The transaction lacks all the elements of a consideration founded on the settlement and compromise of a disputed claim. But the plaintiff claims that his trouble in taking the note, the risk and responsibility he incurred thereby, some correspondence he had with the defendant about the note, and his going to White River Junction to meet the defendant and make this arrangement, were a sufficient consideration to support this promise to pay the interest. It would be enough to say as to this that if any or all these matters might have been a sufficient consideration for the promise, none of them were so in fact; the promise was given wholly upon the ground that the plaintiff claimed he was legally entitled to the interest, and upon the defendant's supposition that he was so entitled, and the promise was coextensive with that consideration. None of these matters were suggested at the time, as any reason or consideration for the defendant's promise, and if the plaintiff had any just

ground of claim against the defendant, they remain in full force to this time.

We are all of opinion that the defendant's promise was supported by no sufficient consideration, and that the plaintiff cannot recover thereon.

Judgment reversed and judgment for the defendant.